IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY MARTINEZ CLAROS,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR LEE & ASSOCIATES LLC,<br>JEROME D. LEE and<br>CHRISTOPHER TAYLOR,<br><br>Defendants. | CIVIL NO. _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Kimberly Martinez Claros ("Plaintiff" or "Claros") files the following Complaint against Christopher Taylor ("Taylor"), Jerome Lee ("Lee") and Taylor Lee & Associates LLC ("TLA") (Taylor, Lee and TLA collectively, "Defendants"), seeking damages and other relief as set forth below.

### Nature of Complaint

1.

This action is brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") seeking declaratory relief and actual and liquidated damages for Defendants' joint and willful failure to pay federally

mandated overtime wages to Plaintiff Kimberly Martinez Claros during her employment with TLA.  This action also seeks compensatory and punitive damages under state law for intentional infliction of emotional distress and negligent retention against TLA, based on the sexual harassment, lewd comments and boorish treatment that Claros received during her employment from a number of male employees, including Hector Eraso ("Eraso") and Aaron Ortiz Santos ("Santos").

## The Parties

2.

Claros is a citizen of the United States and a resident of the State of Georgia residing in Gwinnett County.  She is a current employee of Defendant TLA. Claros submits herself to the jurisdiction of this Court.

3.

Defendant TLA, which operates as law firm practicing primarily criminal defense and immigration law, is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Norcross, Georgia.  TLA may be served with process through its registered agent for service of process, Christopher Taylor, with an address reported to the Secretary of State as 6380 Murets Road, Johns Creek, Georgia  30022.

4.

Defendant Taylor is an individual citizen of the United States and of the State of Georgia residing in Gwinnett County, Georgia.  Taylor is subject to personal service of process wherever he may be found, or abode service at his residence.

5.

Defendant Lee is an individual citizen of the United States and of the State of Georgia residing in Gwinnett County, Georgia.  Lee is subject to personal service of process wherever he may be found, or abode service at his residence.

6.

On information and belief, Defendants Taylor and Lee are members of Defendant TLA and are either the majority or sole owners.

## Jurisdiction and Venue

7.

Claros's FLSA claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b).  This court has supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.

8.

This Court has personal jurisdiction over TLA because TLA is organized under the laws of Georgia and has its principal place of business in Georgia.

9.

This Court has personal jurisdiction over Taylor and Lee individually because each is a resident of the State of Georgia, Gwinnett County.

10.

This is an appropriate venue for all of Claros's claims pursuant to 28 U.S.C. § 1391 as the judicial district in which the Defendants reside and in which the events and omissions giving rise to Ms. Claros's claims occurred.

## Administrative Proceedings

11.

Claros filed a charge of discrimination with the EEOC on January 26, 2018 in relation to claims for sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*  Claros has not yet received a Notice of Right to Sue from the EEOC, and will seek to amend this Complaint to add her Title VII claims upon receipt of such Notice.

## The Facts

### Ms. Claros's Employment By Defendants and Her Compensation

12.

Claros has worked for TLA since October 2014 as a Paralegal.  In that capacity, her primary duties consist of receiving, organizing, and responding to

4

requests for information in connection with clients' immigration applications. She also performs some secretarial duties like ordering supplies.

13.

As of the date of filing this Complaint, Claros remains employed by TLA.

14.

Claros was and is, at all times relevant hereto, an "employee" within the meaning of the FLSA.

15.

Defendant TLA is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

TLA is an "employer" under the FLSA, 29 U.S.C. § 203(d).

17.

Defendants Taylor and Lee, each individually, exercise operational control over TLA.

18.

Because Taylor and Lee exercise operational control over TLA, each of Taylor and Lee is also an "employer" under the FLSA, 29 U.S.C. § 203(d), and is jointly and severally liable for unpaid wages and other damages due to Claros.

19.

As an employer under the FLSA, Defendants are subject to the minimum wage and maximum hours requirements of the FLSA, 29 U.S.C. §§ 206-07.

20.

Defendant TLA employed Claros throughout the relevant time period.

21.

Defendants Taylor and Lee each employed Claros throughout the relevant time period.

22.

All Defendants jointly employed Claros throughout the relevant time period.

23.

Claros's primary duties throughout the relevant time period did not include supervision of two or more other employees, and did not include the exercise of independent judgment or discretion as to matters of significance. Claros does not hold a professional paralegal degree or other professional degree. As such, Claros's duties did not qualify her for treatment as exempt from the maximum hours requirement under the FLSA.

24.

Claros is entitled to receive at least the federal minimum wage of $7.25 for each hour worked and premium pay at one and one half times her regular rate of pay for all hours worked in excess of 40 during each workweek.

25.

Claros regularly works in excess of 40 hours each work week.

26.

Defendants paid Claros an annualized salary of $42,500 throughout most of the relevant time period, and she received the same pay for each workweek, regardless of the number of hours she worked.

27.

In the spring of 2018, Defendants changed Claros's pay from a salary to an hourly wage, but still paid her the same amount each work week regardless of the number of hours she worked.

28.

Claros's overtime hours during the relevant time period varied from week to week in a range from 0, 1 or 2 overtime hours up to as many as 10 or 15 overtime hours in a single workweek.

29.

Throughout the relevant time period, Defendants failed to pay Claros a premium rate at one and one half times her regular rate of pay for any hours worked in excess of 40.

30.

Defendants have not maintained complete records of all hours worked by Plaintiff during her employment as required by law.

### The Unlawful Treatment of Claros By Various TLA Employees

31.

The environment at TLA is hostile toward women in that women are treated as objects and are subjected to sexual harassment by employees at all levels, including partners and other employees.

32.

Employees drink and do drugs on the premises at TLA, and for most of the time Claros has worked there, TLA kept condoms in the first aid kit. Management is aware of all of this but does nothing to stop or change it.

33.

Claros has been a victim of sexual harassment throughout most of her employment at TLA.

34.

The primary perpetrator of Claros's harassment is the custodian/handyman Hector Eraso.

35.

Eraso makes sex-related comments to Claros at least two or three times per month, and sometimes more frequently.

36.

Eraso's comments and his non-verbal communications vary in their level of impropriety, but each and all of them, especially taken together, make Claros feel extremely uncomfortable and cause her emotional distress.

37.

Many of Eraso's comments involve him complimenting Claros on her beauty or her clothing.

38.

For example, one time he approached Claros in the copy room and was watching her from behind. When she turned and saw him there, she asked him what he was doing and he said "I'm just admiring you from behind."

39.

Eraso looks Claros up and down and makes her feel like he is undressing her in his mind. He comes to her office and either stands in the doorway or enters her office and stares at her or makes inappropriate sexual comments or gestures to her.

40.

Eraso's comments and looks are of a sexual nature, and are unwelcome and offensive.

41.

In order to try to minimize this kind of treatment, Claros has had to change the way that she dresses, the way that she walks and moves around the office, and the way that she sits in her office, among other things.

42.

She has also been sexually harassed by a partner, Aaron Ortiz Santos. Santos has made comments to Claros about her appearance, has suggested that she should wear more makeup, and has commented on her body and suggested that she need to lose weight.

43.

Male employees at TLA regularly talk about female employees, including Claros as well as other women, as sexual objects. They make derogatory and demeaning comments about female employees, sometimes when they know that other female employees can hear what they are saying.

Claros's Complaints of Harassment and Improper Treatment

44.

Claros has complained to at least two partners, including Defendant Lee and another partner Brennan Bair, about the treatment she has suffered by Eraso, Santos, and other male employees.

45.

When she complains about harassment, the response is typically to acknowledge that the conduct is occurring, such as by asking "What happened now?" but then do nothing to investigate the complaint or to stop the harassment.

46.

On information and belief, no employee at any level has ever been disciplined for harassment.

47.

Eraso and Santos both remain employed as of the date of filing this Complaint, notwithstanding that Defendants are aware of their harassing and discriminatory treatment of Claros and other women.

48.

TLA has never conducted any anti-harassment training.

49.

Until just last month, TLA did not have an anti-harassment or anti-retaliation or anti-discrimination policy. To the contrary, the EEOC posters have been vandalized in such a way as to reflect that harassment is encouraged and condoned and should not be reported by victims.

50.

The harassing and tortious treatment that Claros has endured has caused her to suffer severe emotional distress.

## COUNT I
## VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

51.

Claros incorporates by reference all of the preceding paragraphs of the Complaint.

52.

Defendants, as joint employers, have violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for the time Claros worked in excess of 40 hours in each work week.

53.

Defendants' actions, policies, or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

54.

Defendants knew, or showed reckless regard for the fact that they failed to pay overtime compensation as required under the FLSA.

55.

Defendants failed to accurately report, record, and/or preserve records of hours worked by Plaintiff, and thus failed to make, keep and preserve records sufficient to determine Plaintiff's wages, hours, and other conditions and practices of employment, in violation of the FLSA.

56.

Defendants' conduct as alleged herein was willful and in bad faith.

57.

Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, plus liquidated damages in an equal amount, her attorney's fees, and the costs of this litigation, pursuant to FLSA § 16, 29 U.S.C. § 216.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

59.

Eraso, Santos and other male employees of TLA engaged in sexually offensive conduct intentionally directed at Plaintiff Claros.

60.

The sexually offensive treatment of Plaintiff Claros was designed to, and did, cause her severe emotional distress.

61.

Claros complained to two partners about the treatment she was receiving from Eraso and others, but they did not do anything about it, which only made her emotional distress become worse.

62.

The emotional distress Claros has suffered is so severe that she has received professional psychological counseling in order to try to deal with it.

63.

TLA is vicariously liable for the emotional distress that its employees have intentionally inflicted on Claros.

64.

Claros suffered damages as a result of the intentional infliction of emotional distress for which Defendant TLA is liable.

## COUNT III
## NEGLIGENT RETENTION

65.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

66.

Defendant TLA owed a duty to Claros as an employee to exercise ordinary care not to hire or retain an employee that it knew or should have known posed a risk of harm to others.

67.

Defendant TLA had knowledge that Eraso, Santos and other male employees posed a risk of harm to Claros and to other female employees due to their known propensity to engage in sexual harassment and to treat women in demeaning and derogatory ways.  Alternatively, Defndant TLA should have had such knowledge.

68.

Because of its knowledge or constructive knowledge of the risk posed to Claros by Eraso, Santos and other male employees, it was foreseeable to TLA that Claros would suffer harm if it retained the employees who posed such a risk.

69.

TLA retained Eraso, Santos, and other male employees that it knew posed a risk of engaging in sexual harassment and other conduct causing distress to Claros

and other female employees, notwithstanding its knowledge of the risk of such harm.

70.

TLA's retention of Eraso, Santos and other male employees who have harassed her and caused her emotional distress has caused her further, additional emotional distress and injury.

71.

TLA is liable for the damages Claros has suffered as a result of its negligent retention of Eraso, Santos, and other male employees who have harassed her and caused her emotional distress.

72.

TLA's tortious conduct as alleged in this Complaint is willful and/or reflects such an entire want of care sufficient to raise a presumption of conscious indifference to consequences, so as to entitle Claros to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and requests the following relief:

 a) A declaratory judgment that Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*;

b) A judgment awarding Plaintiff her unpaid wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, court costs and attorney's fees as provided by 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

c) A judgment awarding Plaintiff compensatory and punitive damages, in an amount to be determined by the enlightened conscience of the jury;

d) Award Plaintiff her attorney's fees;

e) Award Plaintiff pre-judgment and post-judgment interest; and

f) Award Plaintiff all other and further relief as this Court deems just and proper.

Respectfully submitted this 16th day of May, 2018.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@durhamtaylor.com
**DURHAM TAYLOR LLC**
1650 Whippoorwill Road
Watkinsville, Georgia  30677
Telephone:  (770) 235-1117
Facsimile:  (706) 478-6797

Attorney for Plaintiff Kimberly Martinez Claros

17