IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY MARTINEZ CLAROS, and ROCIO NIEVES STEAKLEY,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR LEE & ASSOCIATES LLC, JEROME D. LEE and CHRISTOPHER TAYLOR,<br><br>Defendants. | CIVIL NO. 1:18-CV-02204-CAP-WEJ |

**PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS' COUNSEL WITH BRIEF IN SUPPORT**

Plaintiffs Kimberly Martinez Claros and Rocio Nieves Steakley request an order disqualifying Defendants' counsel, Mr. Jerome D. Lee ("Lee") and his firm Taylor Lee & Associates, LLC ("TLA"), from serving as counsel for either TLA or his individual co-defendant Christopher Taylor ("Taylor"). Lee's continued representation of those defendants violates Georgia Rule of Professional Conduct ("RPC") 3.7, which expressly prohibits a lawyer from "act[ing] as advocate" in any case in which he is "likely to be a necessary witness." Mr. Lee is not just likely, but certain, to be a witness in this employment-discrimination/wage-and-hour case, both in his capacity as an

individual defendant and as the managing partner of defendant-employer TLA. Plaintiffs' counsel raised this ethics-law issue with Mr. Lee via e-mail in late December, but other than a one-sentence email promising further information in early January, he has not otherwise responded. Plaintiffs' efforts to confer in good faith with defense counsel regarding this matter having failed, Plaintiffs now seek this Court's order disqualifying Defendants Lee and TLA from serving as advocates in this case.

## I. Factual and Procedural Background

Each of the Plaintiffs Claros and Steakley worked for Defendant TLA as a paralegal beginning in 2014, and continuing to late 2017 (Steakley) or mid 2018 (Claros). [Doc. 19, Second Amended Complaint ¶¶ 14, 70.] Their primary duties consisted of paralegal tasks associated with TLA's immigration and criminal-law practices. [*Id.*] Each reported directly or ultimately to Defendant Lee as TLA's Managing Partner. On information and belief, Defendants Lee and Taylor are the named and founding partners of the firm and make decisions regarding its governance, personnel, and business strategy together. [*See* Doc. 19 ¶ 7.]

Plaintiff Claros filed the Complaint to initiate this lawsuit on May 16, 2018, which was subsequently amended twice[1] ultimately resulting in the

---

[1] Claros initially amended the complaint in response to Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which challenged the

joinder of Plaintiff Steakley. [Docs. 1, 10, 19.] As amended, the Complaint seeks damages and other relief under Title VII of the Civil Rights Act of 1964 arising out of the severe and pervasive sexual harassment each of the Plaintiffs suffered during her employment, which ultimately led to her constructive discharge. The Second Amended Complaint also asserts claims for unpaid overtime in violation of the FLSA as to Claros, as well as tort claims applicable to both Plaintiffs arising out of the harassment each of them suffered. [Doc. 19.]

The Second Amended Complaint identifies numerous facts as to which Lee will be a material witness. As the Managing Partner of the Defendant firm, he is responsible for oversight of personnel matters, including the prevention of unlawful discrimination and harassment. [Doc. 19 ¶¶ 7, 29, 30, 32, 33.] The Second Amended Complaint alleges that, notwithstanding that responsibility, the environment at TLA is abusive and hostile toward women, wherein women are treated as objects and are subjected to sexual harassment by employees at all levels. [*Id.* ¶¶ 48-51.] Management condones the presence of illegal drugs and alcohol on premises during working hours, and the partners had knowledge of condoms stored in the first aid kids and vandalized EEO posters that

---

sufficiency of Plaintiff's allegations regarding FLSA coverage. [Docs. 8, 10.] Defendants re-filed that same Motion to Dismiss in response to the First Amended Complaint, which this Court subsequently denied. [Docs. 11, 15.] Thereafter, both Plaintiffs received their Notice of Right to Sue from the EEOC and filed the Second Amended Complaint jointly, which added the Title VII claims released from the EEOC's jurisdiction and added Steakley as a party.

purported to encourage, rather than prohibit, unlawful harassment. [*Id.* ¶¶ 49-54.] Both Plaintiffs experienced severe and pervasive harassment as a direct result of the environment perpetuated by Defendant Lee and his fellow partners, and both directly complained to Defendant Lee (among others), but neither Lee nor any other firm representative took any investigative or corrective action in response. [*Id.* ¶¶ 65-68, 101, 102-103.] Lee's response was instead dismissive and flippant. [*Id.* ¶¶ 66, 103.]

Defendant Lee's role as Managing Partner also makes him a key witness as to the compensation that Plaintiff Claros received, including the fact that she was not paid overtime for hours she worked in excess of 40 in many workweeks. [*Id.* ¶¶ 29-37.] Claros reported to Lee, directly or indirectly, and he has personal knowledge both in his individual capacity and on behalf of Defendant TLA regarding the firm's pay practices, the treatment of Plaintiff Claros as exempt under the FLSA, the duties she primarily performed, and the manner in which she was compensated. [*Id.*]

The discovery period in this case is underway. [*See* Doc. 21 (Scheduling Order entered 12/4/18).] On December 28, 2018, Plaintiffs served on Defendants a first set of written discovery requests, including Requests for Admission, Interrogatories, and Requests for Production of Documents. [Doc. 25.] Upon receiving responses, Plaintiffs will prepare quickly to begin taking depositions, and anticipate needing to depose Defendants Lee and Taylor, in addition to

several other firm partners and/or employees. Defendants Lee and Taylor, along with other TLA attorney and non-attorney employees, could therefore be called to testify at deposition within the next several weeks.

## II. Argument and Citation of Authorities.

### A. Defendants' Lead Counsel Jerome Lee is a Central Witness as to All of Plaintiffs' Claims, So His Role as Both Advocate and Witness Violates Georgia Rule of Professional Conduct 3.7.

Defendant Lee's continued role as counsel for Defendants in this case directly violates RPC 3.7, which prohibits a lawyer from serving as both advocate and witness in a single case. In order to prevent confusion and to avoid the quagmire of conflicting-interest problems that serving in both roles would present, RPC 3.7(a) imposes a broad prohibition in this regard:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> 1. the testimony relates to an uncontested issue;
> 2. the testimony relates to the nature and value of legal services rendered in the case; or
> 3. disqualification of the lawyer would work substantial hardship on the client.

Here, Defendant Lee will undoubtedly be a "necessary witness," in that, among other things, he supervised both Plaintiffs (either directly or indirectly), had oversight as to their pay, had knowledge of the harassment they experienced, knew of the boorish manner in which male employees treated female employees around the firm, and received specific harassment complaints from both

Plaintiffs (as well as others) but did nothing to stop it. [*See* Doc. 19 ¶¶ 7, 29, 30, 32, 33, 48-54, 65-68, 101-103.] His testimony as to those allegations of fact undoubtedly makes him a necessary witness on their Title VII, FLSA, and tort claims arising out of their employment. Moreover, his testimony does not fall within any of the Rule's exceptions – Defendants have not indicated that any of these central issues will be uncontested, the issues do not relate to the nature and value of services rendered in the case, and no hardship would result from disqualification because discovery has just begun and ample time remains to retain qualified outside counsel.

Other courts within the Eleventh Circuit have addressed similar (though not identical) scenarios and have applied the lawyer-as-witness rule to disqualify counsel on this same line of reasoning. In *Suchinte v. Kleppin*, the United States District Court for the Southern District of Florida applied the identical Florida version of the lawyer-witness rule and disqualified defendants' counsel due to the realistic prospect that he would be called to testify as to plaintiffs' FLSA retaliation claims. 784 F. Supp.2d 1343, 1348 (S.D. Fla. 2011). In that case, the defendants' lawyers were not (as here) the plaintiffs' employer, but because the plaintiffs' claims arose out of testimony they provided in a prior case which was elicited by those same lawyers, the court found sufficient likelihood that the lawyer would be called as witness in the plaintiffs' case and therefore disqualified him. *Id.*

Likewise, the United States District Court for the Middle District of Georgia disqualified plaintiff's counsel where they had "personal knowledge" of the events that were the "subject matter of the litigation." *Stewart v. Bank of America, N.A.*, 203 F.R.D. 585, 587 (M.D. Ga. 2001). The court found it highly likely that plaintiff's lawyers would be called as witnesses in the case because of their personal knowledge of the events, thereby bringing them within the coverage of RPC 3.7(a)'s prohibition. *Id.* Concluding summarily that none of the exceptions to RPC 3.7 applied, the court held that immediate disqualification was necessary. *Id.* That disqualification order came, as requested here, as it was becoming evident that the lawyer-witnesses could be called for deposition during discovery. *Id.*

Here, just as in *Suchinte* and *Stewart*, it is highly likely (indeed almost certain) that Mr. Lee will be called to testify as a witness in this case. He has personal knowledge of Defendant TLA's employment practices, which he oversees as Managing Partner and which lie at the heart of this lawsuit. Moreover, none of the exceptions to RPC 3.7(a) apply, as the legality of those practices remains contested at this stage, testimony about the firm's employment practices does not relate to the value or nature of services, and it would not prejudice (but indeed, arguably would benefit) Defendants to retain outside counsel. Defendant Lee should therefore be disqualified.

**B. As a Party-Defendant, No Other TLA Lawyer Can Feasibly Represent Any of the Defendants in This Case Without Violating RPC 3.7.**

The same principles described above, that call for disqualification of Mr. Lee, also favor disqualifying other TLA lawyers. Plaintiffs' Title VII claims arise from the central allegation that TLA perpetuates a work environment that is hostile and abusive toward women. Plaintiffs' Second Amended Complaint identifies by name numerous other employees who were involved in carrying out the harassment that Plaintiffs suffered and alleges generally that most or all male employees either participated in creating the firm's hostile work environment or knowingly tolerated its continuation. [*See, e.g*. Doc. 19 ¶¶ 48-69, 73-106.] As such, and in order to avoid the inefficiency of litigating this issue again, Plaintiffs request that the Court order not only that Lee is disqualified from representing either of his co-Defendants, but also that any other TLA lawyer is also disqualified due to the possibility of such lawyer being called as a witness and/or the impossibility of separating the interests of such a lawyer from those of his employer firm.

**III. Conclusion.**

Individual Defendant Lee, who currently serves as lead counsel for all defendants in this case, is certain to be a central witness who will be called to testify both during discovery and at trial. As such, his continued service as an advocate runs afoul of Georgia RPR 3.7, and he should be immediately

disqualified from representing any of the Defendants in this case. Additionally, it is expected that at least several, if not many, other lawyers associated with Defendant TLA will also be witnesses in this case, so that the most efficient approach would be to disqualify all TLA lawyers from any advocate role in this case.

Respectfully submitted this 30th day of January, 2019.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@durhamtaylor.com
**DURHAM TAYLOR LLC**
1650 Whippoorwill Road
Watkinsville, Georgia 30677
Telephone: (770) 235-1117

Attorney for Plaintiffs

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel for Plaintiff certifies that this brief has been prepared in accordance with the type-font requirements of Local Rule 5.1(B), using Century Schoolbook 13-point font.

/s/ Lisa D. Taylor
Lisa D. Taylor
Georgia Bar No. 235529

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY MARTINEZ CLAROS, and ROCIO NIEVES STEAKLEY,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR LEE & ASSOCIATES LLC, JEROME D. LEE and CHRISTOPHER TAYLOR,<br><br>Defendants. | CIVIL NO. 1:18-CV-02204-CAP-WEJ |

**CERTIFICATE OF SERVICE**

I certify that on this date I filed the foregoing PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS' COUNSEL WITH BRIEF IN SUPPORT via the Court's CM/ECF system which will generate service on all counsel of record.

Dated: January 30, 2019.

/s/ Lisa D. Taylor
Lisa D. Taylor
Georgia Bar No. 235529